## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **JARVIS LAMAR POSTLEWAITE,** | ) | |
| **No. R25461,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 14-cv-00930-JPG** |
| | ) | |
| **WARDEN TREDWAY,** | ) | |
| **WARDEN MOORE,** | ) | |
| **CHAPLIN VAUGHN,** | ) | |
| **COUNSELOR WILLIAMS,** | ) | |
| **SALVADOR GODINEZ.** | ) | |
| **DEBBIE KNAVER,** | ) | |
| **LISA WEITEKAMP,  and** | ) | |
| **UNKNOWN PARTY,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Jarvis Lamar Postlewaite, an inmate in Lawrence Correctional Center, has filed an "Order to Show Cause for an Petition for Injunction and a Temporary Restraining Order Relief" [sic] (Doc. 1).  The pleading seeks only injunctive relief, in the form of medical and mental health treatment, and a transfer to another prison in order to avoid physical injury and retaliation.  However, the pleading also outlines eight counts, suggestive of a civil rights complaint pursuant to 42U.S.C. § 1983 and supplemental state law tort claims:

Count 1:   Negligence;

Count 2:   Intentional Infliction of Emotional Distress;

Count 3:   Violation of Due Process;

Count 4:   Retaliation;

Count 5:    Inadequate Medical Treatment;

Count 6:    Refusal to Provide Protective Custody;

Count 7:    Harsh Prison Conditions; and

Count 8:    Right to Practice Religion.

This case is now before the Court for a preliminary review of the pleading pursuant to 28

U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any
> event, as soon as practicable after docketing, a complaint in a civil action in which
> a prisoner seeks redress from a governmental entity or officer or employee of a
> governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable
> claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>> (1) is frivolous, malicious, or fails to state a claim on which relief may be
>> granted; or
>> (2) seeks monetary relief from a defendant who is immune from such
>> relief.

## Discussion

Whether Plaintiff intended to file a motion for injunctive relief, or a civil rights

complaint, or both is debatable.[1]  In either situation, this action cannot proceed.

The Federal Rules of Civil Procedure provide that "[a] civil action is commenced by

filing a complaint with the court."  FED.R.CIV.P. 3.  In other words, "the first step in the action is

the filing of the complaint."  *Id.*, Advisory Committee Notes, 1937 Adoption.  Without a

complaint, the Court cannot ascertain the basis for jurisdiction.  *See Bell v. Hood*, 327 U.S. 678,

681-82 (1946); *Greater Chicago Combine and Ctr., Inc. v. City of Chicago*, 431 F.3d 1065,

---

[1] Postlewaite recently initiated another action regarding his medical and mental health treatment,
seeking only injunctive relief.  *See Postelwaite v. Cole*, 14-cv-717-NJR.  It does not appear that
this pleading is connected to that action because that action is against Dr. John Cole regarding
treatment for an ear infection.  Dr. Cole is not one of the defendants listed in the caption of the
pleading before the Court.

1069-70 (7th Cir. 2005).   More to the point, the Court cannot consider an application for injunctive relief in the absence of a viable complaint.

Insofar as the pleading filed by Plaintiff could be construed as a complaint, it fails to state a single claim against any one of the seven named defendants.   Although legal theories are noted in each "count," that is all that is offered.   For example, Count 1 sates in full:

> Defendants as government employees is negligent when he/she, fails to use reasonable care." Since people have different ideas about what is Reasonable, Court ask What a, "reasonable prudent person," would do in a similar situation.

[sic] (Doc. 1, p. 2).   The pleading offers no factual underpinning whatsoever, and the defendants are mentioned only in the caption of the pleading.

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."   *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).   The claim of entitlement to relief must cross "the line between possibility and plausibility.   *Id*. at 557.   Thus, Postlewaite's pleading fails to state a claim and cannot stand as a viable complaint.   Consequently, this Court cannot claim jurisdiction to consider any prayer for injunctive relief.

Because a motion for a temporary restraining order is by definition an urgent matter (*see* FED.R.CIV.P. 65(b)), it is emphasized that Postlewaite's pleading does not offer any description of his situation, except for requesting medical and mental health treatment, and a transfer in order to avoid injury and retaliation.   Postelwaite's specific situation is unknown.   Therefore, injunctive relief cannot be granted.

## Disposition

**IT IS HEREBY ORDERED** that, for the reasons stated, Plaintiff Postelwaite's "Order to Show Cause for an Petition for Injunction and a Temporary Restraining Order Relief" [sic]

(Doc. 1) is **DENIED** without prejudice and, any intended complaint is **DISMISSED** without prejudice.  Accordingly, all Defendants are **DISMISSED** without prejudice.

On or before **October 10, 2014**, Plaintiff shall file a complaint, thereby properly initiating an action.  If Plaintiff still seeks injunctive relief, he must file a new motion, along with the complaint.  Failure to file a proper complaint by the prescribed deadline will result in the dismissal of this action for lack of subject matter jurisdiction; such a dismissal shall count as one of his allotted "strikes" under the provisions of 28 U.S.C. § 1915(g), and Plaintiff will remain obligated to pay the filing fee.  *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

The Clerk of Court is **DIRECTED** to send Plaintiff a copy of this Order, along with a blank civil rights complaint form, and Instructions for Filing a Pro Se Civil Complaint for Civil Rights Violations.

**IT IS SO ORDERED.**

**DATED: September 16, 2014**

*s/ J. Phil Gilbert*
**United States District Judge**